UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL D. SULLIVAN,<br>　　　Plaintiff<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA and<br>REASSURE AMERICA LIFE<br>INSURANCE COMPANY,<br>　　　Defendants | CIVIL ACTION NO. 05 CV 10030 GAO |

**DEFENDANTS' ANSWER**

Now come the defendants, The Prudential Insurance Company of America and Reassure Life Insurance Company (hereinafter jointly referred to as "Defendants" unless specifically named individually), and by and through their attorneys, hereby answer the plaintiff's Complaint as follows:

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, the Defendants hereby respond to the allegations set forth in the plaintiff's Complaint, as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Defendants admit the allegations contained in paragraph 2.

3. Defendants admit the allegations contained in paragraph 3.

4. Defendants admit the allegations contained in paragraph 4, but answering

further say that the document attached to the Complaint and marked Exhibit A is not a true and complete copy of Disability Income Contract H5 518 149 issued by defendant Prudential to plaintiff on or about May 28, 1987.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Defendants admit the allegations contained in paragraph 6.

7. Defendants admit the allegations contained in paragraph 7, but answering further say that the document attached to the Complaint and marked Exhibit C is not a true and complete copy of the letter dated September 5, 2002.

8. Defendants admit that defendant Reassure, on or about January 30, 2003, received an undated letter from plaintiff's counsel Michael J. Malloy, which was sent to the attention of Pamela Jacques and which was stated to be a demand letter under M.G.L. c. 93A and c. 176D with respect to the claim of the plaintiff. Defendants deny the remaining allegations contained in paragraph 8.

9. Defendants admit that defendant Reassure, on or about January 30, 2003, received an undated letter from plaintiff's counsel Michael J. Malloy, which made demand on defendant Reassure to approve plaintiff's claim for benefits. Defendants deny the remaining allegations contained in paragraph 9.

10. Defendants admit the allegations contained in paragraph 10.

11. Defendants admit that on or about December 29, 2003 defendant Reassure received a letter dated December 10, 2003 from plaintiff's counsel Michael J. Malloy, together with copies of the reports which are attached to the Complaint and marked Exhibit E.

12. Defendants admit the allegations contained in paragraph 12.

13. Defendants admit that on or about April 27, 2004, MPO Consulting, Mary Paine O'Malley, Vocational Consultant, provided to defendant Reassure an occupational review report, a copy of which is attached to the Complaint and marked Exhibit F. Defendants deny the remaining allegations contained in paragraph 13.

14. Defendants admit that on or about July 12, 2004, defendant Reassure received a letter from plaintiff's counsel Michael J. Malloy dated July 7, 2004 together with a supplemental report from Plaintiff concerning his activities and a supplemental report from Dr. Albert Ackil, copies of which are attached to the Complaint and marked Exhibit G. Defendants deny the remaining allegations contained in paragraph 14.

15. Defendants admit that on or about November 23, 2004, Anna Culley, Director of Disability Claims for defendant Reassure, sent a letter to plaintiff's counsel Michael J. Malloy, a copy of which is attached to the Complaint and marked Exhibit H and which document speaks for itself. Defendants deny the remaining allegations contained in paragraph 15.

16. Defendants admit that on or about December 1, 2004, defendant Reassure agreed to have a representative of PhysioMetrics conduct a Functional Capacity Evaluation of plaintiff at his home on December 22, 2004. Defendants deny the remaining allegation contained in paragraph 16.

### COUNT I – Breach of Contract

17. Defendants repeat and incorporate herein by reference their responses to paragraphs 1 through 16 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

### COUNT II – Breach of Contract – Premium Waiver

22. Defendants repeat and incorporate herein by reference their responses to paragraphs 1 through 21 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

### COUNT III – Complainant v. The Prudential Insurance Company of America, et al – Violation of Mass. Gen. L. Ch. 93A and 176D

26. Defendants repeat and incorporate herein by reference their responses to paragraphs 1 through 25 of the Complaint.

27. Defendants admit that defendant Reassure has received certain documentation and information from plaintiff and plaintiff's attorney Michael J. Malloy, and further that no disability benefits have been paid to plaintiff, but Defendants deny that any such benefits are due to plaintiff. Defendants further deny the remaining allegations contained in paragraph 27.

28. Defendants admit that plaintiff and plaintiff's attorney Michael J. Malloy have provided documentation and information with respect to plaintiff's claim for disability benefits, and that plaintiff has made himself available for an occupational examination by MPO Consulting, Mary Paine O'Malley, vocational consultant. Defendants deny the remaining allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30.   Defendants deny the allegations contained in paragraph 30.

31.   Defendants deny the allegations contained in paragraph 31.

32.   Defendants deny the allegations contained in paragraph 32.

33.   Defendants deny the allegations contained in paragraph 33.

34.   Defendants deny the allegations contained in paragraph 34.

35.   Defendants deny the allegations contained in paragraph 35.

36.   Defendants deny the allegations contained in paragraph 36.

37.   Defendants deny the allegations contained in paragraph 37.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Defendants hereby assert the following affirmative defenses to the allegations set forth in the plaintiff's Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged disability does not satisfy the terms and conditions of the definition of Total Disability, or the Monthly Income Benefit provision, both as set forth in his Prudential Disability Income Contract.

## THIRD DEFENSE

Plaintiff's alleged disability does not satisfy the terms and conditions of the Waiver of Premium Benefit provision as set forth in his Prudential Disability Income Contract.

### FOURTH DEFENSE

Plaintiff has failed to provide Defendants with written proof of his claim for Total Disability benefits as required by the terms of his Prudential Disability Income Contract.

### FIFTH DEFENSE

Plaintiff is not entitled to receive Total Disability benefits because he has not been under the regular care of a doctor as required by terms of his Prudential Disability Contract.

### SIXTH DEFENSE

Plaintiff, by his acts or his failure to act, is estopped to assert any liability against the Defendants.

### SEVENTH DEFENSE

Plaintiff has waived whatever claims he may have against the Defendants.

WHEREFORE, defendants The Prudential Insurance Company of America and Reassure America Life Insurance Company pray that judgment be entered in their favor and that they be awarded their costs and expenses.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and REASSURE LIFE INSURANCE COMPANY

By their attorneys,

January 12, 2005

Edward S. Rooney, Jr.
BBO No. 426840
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
One International Place, 18th Floor
Boston, MA 02110
Tel.: (617) 342-6800
Fax: (617) 342-6899
E-mail: erooney@eckertseamans.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party which has appeared in this action, by regular mail, postage prepaid, this 12th day of January, 2005.

*/s/ Edward S. Rooney, Jr.*
Edward S. Rooney, Jr.