UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL D. SULLIVAN, Plaintiff | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05 CV 10030 GAO |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and REASSURE AMERICA LIFE INSURANCE COMPANY, Defendants | ) ) ) ) ) ) | |

**JOINT STATEMENT OF THE PARTIES FOR SCHEDULING CONFERENCE**

**STATEMENT OF THE CASE**

This is an action in which the plaintiff Michael D. Sullivan ("Plaintiff") seeks to

recover disability benefits under an individual policy of disability insurance issued to

Plaintiff by defendant The Prudential Insurance Company of America ("Prudential") and

administered by defendant Reassure America Life Insurance Company ("Reassure")

(jointly referred to as "Defendants"). Plaintiff alleges that on or about January 9, 2002,

he was injured and suffered a disabling injury to his lower back and legs. Plaintiff asserts

that he properly filed a claim for disability benefits with the defendant Reassure, which

Reassure denied. Plaintiff claims that Reassure's denial of his claim was a breach of his

disability contract with defendant Prudential and was a violation of Massachusetts

General Laws, Chapters 93A and 176D. In addition, Plaintiff asserts that he properly

{K0307146.1}

filed a claim for the waiver of premium payments based on his disability status and

pursuant to the terms and conditions of his policy with the defendants, which was denied.

Plaintiff claims that defendants' denial of this additional claim was a breach of his

disability contract with the defendant Prudential and a further violation of Massachusetts

General Laws, Chapters 93A and 176D.  Defendants deny these claims and maintain that

Plaintiff is not totally disabled within the terms and conditions of the Prudential

Disability Income Contract.  Defendants also assert that Plaintiff has failed to provide

them with written proof of his claim for total disability benefits as required by the terms

of his Prudential policy, and that Plaintiff has not been under the regular care of a doctor,

also as required by the terms of his Prudential policy.

### PROPOSED PRE-TRIAL SCHEDULE

1. Exchange required disclosures under Fed. R. Civ. P. 26(a) by October 5, 2005.

2. Any proposed motion to amend the Complaint shall be filed by October 5, 2005.

3. All non-expert discovery will be completed by March 1, 2006.

4. Reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) will be due:

   a. From the Plaintiff by  March 15, 2006, if any; and
   b. From the Defendant by March 31, 2006, if any.

5. Expert depositions will be completed by April 30, 2006.

6. The parties will file and serve dispositive motions on or before May 31, 2006, any oppositions thereto shall be filed and served in accordance with Local Rule 7.1.

7. If necessary, a pre-trial conference will be scheduled within 30 days of the denial of all motions for summary judgment.

8. The parties have not yet determined whether they will consent to trial by Magistrate Judge.

## CERTIFICATION

Certifications pursuant to Local Rule 16.1 (D) (3) will be submitted and filed with the Court on or before the Scheduling Conference.

MICHAEL D. SULLIVAN

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA and
REASSURE LIFE INSURANCE
COMPANY

By his attorney,

By their attorneys,

Michael J. Malloy
BBO No. 653512
THE LAW OFFICE OF MICHAEL
J. MALLOY
105 Washington Street, Suite 9
North Easton, MA 02356
Tel.: (508) 230-7373
Fax: (508) 230-3433

Edward S. Rooney, Jr.
BBO No. 426840
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
One International Place, 18th Floor
Boston, MA 02110
Tel.: (617) 342-6800
Fax: (617) 342-6899

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party which has appeared in this action, by regular mail, postage prepaid, this 27th day of July, 2005.

Edward S. Rooney, Jr.

{K0307146.1}                    3