UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL D. SULLIVAN,<br>    Plaintiff<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA and<br>REASSURE AMERICA LIFE<br>INSURANCE COMPANY,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **CIVIL ACTION NO. 05 CV 100030 GAO** |

### PLAINTIFF'S RESPONSE IN OPPOSITION
### TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil procedure and Local Rule 56.1, plaintiff, Michael D. Sullivan ("Sullivan") move for the entry of denial of summary judgment in his favor and against the defendants, The Prudential Insurance Company of America and Reassure America Life Insurance Company ("Defendants"). For the reasons, more fully stated in his Memorandum of Law, plaintiff is entitled to denial of defendants summary judgment because there are genuine issues of material fact in dispute. Sullivan is now and has been over the past five (5) years totally disabled under the terms of the individual disability insurance policy issued to him by the defendants. Sullivan submits that there are genuine issues of material fact that are determinative that support his assertion of total disability and his inability to engage in the duties of his occupation as a trader of securities.

In support of this Motion, plaintiff relies in the documents included in the Appendix ("App.") filed by plaintiff which have been numbered consecutively and listed in a table of contents, and include the following:

1. Plaintiff's Complaint, with attached Exhibits A-J;

2. Defendants' Answer;

3. Deposition testimony of Plaintiff, Michael D. Sullivan;

4. Documents marked as Exhibits at the deposition of Michael D. Sullivan;

5. Report of Richard Chusid;

6. Report of Dr. Mark A. Doyne;

7. Report of Dr. D'Alton;

8. Bristol Consulting Report of Bill Bristol;

9. Michael D. Sullivan IRA account statements from Fidelity Investments for certain months in 2001-2005; and

10. Selected documents from Reassure America's claim file re: claim of Michael D. Sullivan.

Plaintiff also relies on his Memorandum of Law that is filed herewith.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF DISPUTED MATERIAL FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, Plaintiff submits the following statement of material facts, with reference to the pleadings, deposition testimony and documents that support his contentions that there are genuine issues of material fact to be tried.

## THE DISABILITY INSURANCE POLICY

1. Undisputed.

2. Undisputed/Disputed in part. The Policy provided for waiver of premium if the insured became totally disabled. (App. Ex. 1)

3. Undisputed

## SULLIVAN'S OCCUPATION

4. Undisputed.

5. Undisputed.

6. Undisputed.

7. Undisputed.

8. Undisputed.

9. Undisputed.

10. Undisputed

## SULLIVAN'S CLAIM FOR BENEFITS

11. Undisputed.

12. Disputed. Improperly summarized conversation.

13. Undisputed.

14. Undisputed in part/disputed in part. Mr. Sullivan when filing out the application he interpreted "onset of the claim" to mean at the time of application as opposed to on the date of injury. Because there was a 26 week exclusionary period under the policy, Mr. Sullivan responded to "onset of the claim" as June 5, 2002 as opposed to January 9, 2002. (App. Ex. 2)

15. Undisputed.

16. Undisputed.

17. Undisputed in part/disputed in part. Disputed in part that Sullivan believed that he was a day trader but could not hold himself out as an employed day trader because his application with the IRS was pending. (App. Ex. 19, Page 107-108)

18. Disputed in that it incorrectly states that Ms. Jacques observed Sullivan's activities associated with the business of buying and selling stocks.

19. Undisputed.

20. Undisputed.

21. Undisputed.

      21.A. Undisputed.

      21.B. Undisputed.

      21.C. Undisputed.

      21.D. Undisputed.

      21.E. Undisputed.

22. Undisputed.

23. Disputed.

**SULLIVAN'S STOCK TRADING ACTIVITY AT STOCK CROSS**

24. Undisputed.

25. Undisputed.

26. Undisputed.

27. Undisputed.

28. Disputed. Mr. Sullivan did not trade the account at Fidelity. The account was managed by Fidelity. You don't tell them what to buy and sell. (App. Ex. 20, Depo., Pg 238).

28. (sic)Disputed. Mr. Sullivan did not trade the account at Fidelity. The account was managed by Fidelity. You don't tell them what to buy and sell. (App. Ex. 20, Depo. Pg 238).

29. Undisputed.

30. Undisputed.

31. Verify numbers from tax returns

### SULLIVAN'S MUTUAL FUND TRADING ACTIVITY AT FIDELITY

32. Undisputed.

33. Disputed. Sullivan did not individual make trades on his Fidelity accounts. All of Sullivan's trades as a day trader were made through his Stock Cross Account. (App. Ex. 19, Depo., pg 39.)

34. Disputed. Sullivan did not personally engage in the trades. Disputed. Mr. Sullivan did not trade the account at Fidelity. The account was managed by Fidelity. You don't tell them what to buy and sell. (App. Ex. 20, Depo.,. Pg 238). All of Sullivan's trades as a day trader were made through his Stock Cross Account. (App. Ex. 19, Depo., pg 39.)

34. (sic)Disputed. *Same as 33*

35. Disputed. *Same as 33*

36. Disputed. *Same as 33*

37. Disputed. *Same as 33*

38. Disputed. *Same as 33*

## PLAINTIFFS ADDITIONAL UNDISPUTED FACTS

1. On January 9, 2002, Mr. Sullivan was injured as a result fo a fall resulting in permanent injury to his lower back, legs, muscular skeletal region and neurological functioning. (App. 13., Complaint par. 5)

2. Sullivan filed a claimants initial statement accompanied by attending physicians statement for total disability with Reassure America Live Insurance company on June 5, 2002. (App. Ex. 2, Claimant Int. St.)(App. Ex. 13, Complaint par 6).

3. The Policy of Insurance provided for benefits if the Insured is totally disabled due to sickness or injury. (App. Ex. 1., Policy)

4. The benefits would be paid if three conditions were met: 1. The Insured becomes totally disabled while the contract is in force. 2. The Insured is under the regular care of a doctor. and 3. The Insured remains totally disabled beyond the Elimination period. (App. Ex.1, Policy)

5. Mr. Sullivan's claim was denied on September 5, 2002, three months after his initial Statement of Claimant was filed. (App. Ex.13, Complaint, Ex. 14, Answer par 7, Ex. 3, 1st Denial-Reassure).

6. On or about January 23, 2003 Plaintiff sent formal written demand under G. L. c 93A and 176D via certified mail, return receipt requested. (App. Ex. 13, Complaint at 8, and Ex. 5)

7. Mr. Sullivan provided additional documentation to Reassure but the claim was again

denied on March 25, 2003. (App. Ex. 13, Complaint, Ex 14, Answer par. 10 and Ex. 6, 2nd Denial).

8. Reassure had a review of medical records performed. On January 5, 2004, nineteen months after the initial notice of claim and after the claim had been denied twice, Dr. Doyne's report concluded that the claimant would be limited to work at no greater than a sedentary level *changing positions frequently* (emphasis supplied) (App. Ex. 16).

9. Mr. Sullivan was unable to sit or stand for long periods of time. He experienced paresthesias involving right buttock radiating into the right lateral thigh into the calf and to a lesser degree on the left. Pain also radiates to the right foot and his right big toe has numbness and parasthesias. (App. Ex 19, Depo at 89 - 90).

10. Reassure obtained a vocational consultant on February 11, 2004 some 20 months after the initial notice of claim and after the claim had been denied twice. (App. Ex. 13, Compliant Ex. F and Ex.14, Answer)

11. The vocational consultant, Ms. O'Malley concluded that a day trader in *most circumstances* (emphasis supplied) would stand up in his/her work area while continuing to review the computer screen. Ms. O'Malley never observed Mr. Sullivan during his performance of work functions. (App. Ex 15.)

12. Mr. Sullivan also held disability provisions for waiver of premiums in Life Insurance policies with Knights of Columbus and Savings bank Life Insurance. Both insurance companies approved Mr. Sullivan's applications for benefits and payed benefits under the

policies. (App. Ex. 12)

13. On or about November 23, 2004, some 2 years and 5 months after the claim was filed Reassure advised Mr. Sullivan of its intent to proceed with an Independent Medical Exam. (App. Ex. 13, Complaint Ex. H, and Ex.11 ). Reassure never set up the appointment for the IME. In addition, on or about December 1, 2004, some 2 years and 6 months after the claim was filed Reassure advised Mr. Sullivan of its intent to schedule a Functional Capacity Evaluation. Reassure never set up that appointment. (App. Ex. 21) Mr. Sullivan stood ready, willing, able to submit to both Exams at any time.

14. In February 2001, Sullivan applied to the IRS for status as a "day trader". (App. Ex. 5 and Ex. 22)

15. On July 26, 2002 Sullivan's application was approved. (App. Ex. 5 and Ex. 22)

16. It was not until the approval by the IRS that Mr. Sullivan was entitled to hold himself out as a day trader and therefore did not consider himself a day trader on this initial claimant's statement filed with Reassure. (App. Ex. 19, Depo. Pg. 106 - 112)

Respectfully submitted,
MICHAEL D. SULLIVAN
by his attorney,

Michael J. Malloy, Esq.
105 Washington Street, Suite 9
North Easton, MA 02356
(508) 230-7373
Fax: (508) 230-3433
BBO # 563512

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by HAND DELIVERY, this 27th day of March, 2007.

*/s/ Michael J. Malloy*
Michael J. Malloy, Esq.