UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10030-GAO

MICHAEL D. SULLIVAN,
Plaintiff

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and
REASSURE AMERICA LIFE INSURANCE COMPANY,
Defendants

<u>OPINION AND ORDER</u>
September 17, 2007

O'TOOLE, D.J.

The plaintiff, Michael Sullivan, filed suit against Reassure America Life Insurance Company ("Reassure") and Prudential Insurance Company of America for disability benefits allegedly owed under an insurance policy issued originally issued by Prudential and then assumed and administered by Reassure. The defendants have moved for summary judgment.

According to the terms of the policy, disability benefits will be paid monthly "if the Insured is totally disabled due to sickness or injury." (Long Term Disability Contract, App. in Supp. of Defs.' Mot. for Summ. J., Ex. A.) The policy defines "total disability" as:

> For any time that monthly income benefits are payable up to 60 months; total disability means the complete inability of the Insured to do all of the substantial duties of his or her regular occupation.

> After benefits have been payable for more than 60 months; total disability means the complete inability of the Insured to do all the substantial duties of any gainful occupation for where he or she is reasonably fitted by education, training or experience.

From approximately 1976 until 1998, Sullivan held various positions in health care management at hospitals and other organizations, performing services in financial accounting and regulatory reporting. In 1998 and 1999, Sullivan worked for the Knights of Columbus, providing consulting services to members of the Knights of Columbus and their families regarding financial planning, life insurance, annuities, mortgages and other financial products and services. After leaving the Knights of Columbus at the end of 1999, Sullivan was not employed by any other person and began trading in the stock market for his own account. In early 2002 he sustained injuries in an accidental fall. On March 26, 2002, he filed with Reassure a preliminary "notice of claim" under the disability policy. A representative from Reassure then contacted Sullivan shortly thereafter for an initial interview to discuss his claim and the claim process. During his initial interview, Sullivan stated that he was "semi-retired."

On June 5, 2002, Sullivan filed his initial claim statement and certain other documentary support necessary to present his claim. In his initial claim statement, he indicated that he was "unemployed" at "the onset of [his] claim." Based on his statements and a review of his treating physician's records, Reassure denied Sullivan's claim on September 5, 2002, explaining that, in their view, Sullivan was able to perform the daily functions of a "retired person" and therefore not "totally disabled" as required by the policy. Reassure did state, however, that it would re-evaluate his claim if Sullivan provided "any documentation to support that [he was] involved in an occupation prior [to the date of the injury]" within the next 30 days. (Pl.'s App. in Supp. of Pl.'s Response in Opp'n to Defs.' Mot. for Summ. J., Exh. 3.)

On January 30, 2003, more than ninety days after Reassure's initial denial, Reassure received a letter, characterized as a demand letter, from Sullivan's attorney which represented for the first time that Sullivan was occupied as a "day trader" at the time of the accident. Reassure again denied the plaintiff's claims, taking the position that Sullivan did not satisfy the requirement of total disability as he could still perform the duties of a day trader after his accident. On December 10, 2003, Sullivan requested a second reconsideration of Reassure's decision. In response, Reassure requested their orthopedic medical consultant to review Sullivan's medical records and convened an appeals panel, which first met on January 7, 2004. At that time, the panel requested additional information from a consulting certified public accountant and a vocational consultant who personally met with the plaintiff and presented an occupational analysis, which included a description of Sullivan's physical demands as a day trader before rendering its decision. Taking all of this information into consideration, along with the plaintiff's own submissions, Reassure affirmed its denial, concluding that Sullivan was not "totally disabled." Sullivan commenced this action shortly thereafter.

Summary judgment will be granted where the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a summary judgment motion, the Court examines the record in the light most favorable, indulging in all reasonable inferences, to the non-moving party. Ferrara & DiMercurio, Inc. v. St. Paul Mercury Ins. Co., 169 F.3d 43, 56 (1st Cir. 1999). At this stage, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

To be entitled to benefits under the policy, Sullivan must prove his "complete inability . . . to do all of the substantial duties of his . . . regular occupation." Among other things, he will have to prove that his activities in trading for his own account amounted to a "regular occupation," and that as a result of the limitations on his activities caused by his back injury he experiences a "complete inability" to perform the substantial duties of that occupation. To establish those propositions, Sullivan relies on his own testimony as to what he did before his injury and what he cannot do afterwards and some rather conclusory opinions from his physician. The proffered evidence is sufficient to create genuine issues of material fact, precluding summary judgment for the defendants on the breach of contract claim. The assessment of the credibility and significance of the evidence must be left to the trier of fact.

As to the claim under Massachusetts General Laws ch. 176D, § 3(9) and ch. 93A, §§ 2 and 9(1), it is possible to say, on the basis of the summary judgment record, that no rational fact finder could conclude that the defendants had committed any of the unfair insurance practices listed in the statute. The defendants reconsidered their denial of Sullivan's claim twice, having engaged in an extensive review and independent investigation process marked by the hiring of a vocational consultant, a CPA, and an independent medical evaluation.

Even if the defendants' position should turn out to have been mistaken, they cannot be found to have engaged in an unfair practice unless it is shown that they acted in bad faith. See Pediatricians, Inc. v. Provident Life & Acc. Ins. Co., 965 F.2d 1164, 1173 (1st Cir. 1992) ("Liability under c. 176D and 93A does not attach merely because an insurer concludes that it has no liability under an insurance policy and that conclusion is ultimately determined to have been erroneous."); Polaroid Corp. v. The Travelers Indem. Co., 414 Mass. 747, 754 (1993). The record indicates that the

defendants gave prompt, attentive, and indulgent scrutiny to the plaintiff's claim. No basis for liability under the cited statutes appears, and the defendants are entitled to judgment in their favor as to that claim.

Accordingly, I DENY the defendants' motion for summary judgment (dkt. no. 15) as to Count I (breach of contract) and GRANT the motion as to Count II (ch. 93A and ch. 176D).

It is SO ORDERED.

            /s/ George A. O'Toole, Jr.
            United States District Judge